NO. 07-08-0417-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 16, 2009

______________________________

BRANDON J. SHEEHAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2007-445,482; HONORABLE L. B. “RUSTY” LADD, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Brandon J. Sheehan, was convicted of driving while intoxicated and sentenced to 14 days in the Lubbock County Jail.  Via three issues, appellant contends that the trial court erred in overruling his motion to suppress the evidence used to convict him.  We reverse.

Factual and Procedural Background

On June 15, 2007, at 1:00 a.m., Officer David Savell of the Lubbock Police Department observed appellant pulling out of the parking lot of O’Tool’s Plastic Pipe in the City of Lubbock.  Appellant was driving a Chevrolet pick-up truck and was pulling a flatbed trailer.  Upon observing appellant coming from the parking lot, Savell turned on his emergency lights and pulled appellant over.  After ascertaining that the trailer was not stolen and running a driver’s license check on appellant, Savell determined that appellant was intoxicated and arrested appellant for driving while intoxicated.  

Prior to trial, appellant filed a motion to suppress the evidence contending that the arrest of appellant was without a lawful warrant, probable cause, or other lawful authority.  The trial court held a hearing on July 8, 2008, on appellant’s motion to suppress.  At the beginning of the hearing, the parties agreed that the stop was without a warrant and the issue before the trial court was whether or not Savell had reasonable suspicion to stop appellant. 

Savell testified that he had been on the police force for 21 years.  At the time of the stop he observed appellant exiting the parking lot of O’Tool’s Plastic Pipe at 1:00 in the morning and knew that the business was not open at that time.  Further, he observed appellant pulling a flatbed trailer and he had received briefings at roll call, sometime within the previous day or two, that there had been a number of flatbed trailers stolen in Lubbock.  Savell testified that he decided to stop appellant and “find out, make sure it was his trailer and he wasn’t up to no good.”  Based upon this information, Savell decided to stop appellant and determine if the flatbed trailer he was pulling had been stolen.  During examination by the State, Savell testified that he did not know if O’Tool’s had a flatbed trailer parked on its lot.  The trial court overruled the motion to suppress and the case proceeded to trial.  The trial court did not file any findings of fact or conclusions of law regarding his ruling on the motion to suppress.

Standard of Review

We review a trial court’s decision to deny a motion to suppress under an abuse of discretion standard.  
See
 
Balentine v. State
, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002).  A bifurcated standard of review is applied, that is, when a trial court’s determination of fact is based upon an evaluation of witness credibility or demeanor, almost total deference is given to that determination.  
See
 
St. George v. State
, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007).  However, on questions of mixed law and fact that do not turn on the trial court’s evaluation of witness credibility and demeanor, we conduct a 
de novo 
review.  
See
 
Montanez v. State
, 195 S.W.3d 101, 109 (Tex.Crim.App. 2006).  Where, as here, there are no findings of fact filed, we view the evidence in the light most favorable to the trial court’s ruling and assume the trial court made implicit findings of fact that are supported by the record.  
See
 
Ford v. State
, 158 S.W.3d 488, 493 (Tex.Crim.App. 2005).  

Finally, the legal question of whether the totality of the circumstances are sufficient to support an officer’s reasonable suspicion is reviewed 
de novo
.  
See
 
Madden v. State
, 242 S.W.3d 504, 517 (Tex.Crim.App. 2007).  In reviewing the totality of the circumstances, we must ascertain from the record if there was reasonable suspicion to believe that appellant is violating the law.  
See
 
Neal v. State
, 256 S.W.3d 264, 280 (Tex.Crim.App. 2008).  Reasonable suspicion exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has, or soon will be, engaged in criminal activity.  
Id
.

Analysis

A review of the record reveals that Savell’s articulable facts were: 1) the time of day, 1:00 a.m.; 2) the business was not open; and 3) information given at roll call regarding the rash of stolen flatbed trailers.  Of these facts, only the time of day and the fact that appellant was pulling a flatbed trailer link appellant to a conclusion that he had or was going to be involved in criminal activity.  This court has previously held that the time of day and the level of criminal activity in an area may be factors in making a reasonable suspicion determination, but they are not suspicious in and of themselves.  
See
 
Hudson v. State
, 247 S.W.3d 780, 786 (Tex.App.–Amarillo 2008, no pet.).  However, the State argues that in addition to these articulated reasons for the stop we must consider the trial court’s implied finding that O’Tool’s was a place where items might be stored outside and subject to theft.  We are required to consider implied findings by the court, if those findings are supported by the record.  
Ford
, 158 S.W.3d at 493.  However, in the record before us, we find no support for this implied finding.  The owner of O’Tool’s testified but nowhere in the record does he state that there is merchandise stored on the parking lot appellant was seen leaving.  Further, nowhere in Savell’s testimony does he state that he had knowledge of any merchandise that might be readily accessible to one trying to steal it.  Finally, the testimony of the owner of O’Tool’s was that the lot in question did not have a gated entry nor a fence of any type around it.  It was simply a vacant parking lot, according to the record.  

In the final analysis, the facts articulated by Savell fail to provide this court with reasonable belief that some conduct out of the ordinary related to criminal activity is, has, or was about to occur.  
See
 
 
Neal
, 256 S.W.3d at 280.  Accordingly, we find that the stop of appellant was without reasonable suspicion to condone it.  We therefore sustain appellant’s contention that the trial court abused its discretion in overruling appellant’s motion to suppress. 

Conclusion

Having sustained appellant’s sole issue, the judgment of the trial court is reversed and the cause is remanded for further proceedings in conformity with this opinion.   

Mackey K. Hancock

         Justice

Do not publish.